IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUCATIONAL TOURS, INC., an an Illinois Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>HEMISPHERE TRAVEL, INC., an Illinois Corporation, HEMISPHERE EDUCATIONAL TRAVEL PROGRAMS, and JACK GOLEN, individually<br><br>*Defendants*. | Case No. 04 C 559<br><br>Judge James B. Zagel |

FILED
MAR 2 3 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLAINTIFF EDUCATIONAL TOURS, INC.'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Marshall Seeder
Peter T. Berk
**SACHNOFF & WEAVER, LTD.**
30 South Wacker Drive, Suite 2900
Chicago, IL 60606
(312) 207-1000

## INTRODUCTION

Educational Tours, Inc. has spent 35 years building its reputation as a leading provider of student tour and travel services through hard work and a commitment to doing business the right way. Defendants Hemisphere Travel, Inc., Hemisphere Educational Travel Programs, and Jack Golen have spent the last 30 years trying to reap the benefits of Educational Tours' good name by misappropriating Educational Tours' materials and intellectual property. Recently, Defendants' scheme moved onto the Internet where Defendants intentionally registered domain names consisting not only of Educational Tours' name, but also Educational Tours' *trademark*. Defendants' goal is to wrongfully and deceptively divert customers seeking Educational Tours' services to Defendants' websites where Defendants advertise their own student tour and travel services.

On January 23, 2004, Educational Tours filed suit to bring a halt to Defendants' misconduct. In turn, Defendants have moved to dismiss Educational Tours' claims for trademark infringement under the Lanham Act for failure to state a claim.[1] But because Educational Tours has clearly pled the requisite elements of its claims, Defendants introduce improper and irrelevant arguments, ignore the facts alleged, and completely misrepresent Educational Tours' claims. Such tactics should not divert this Court's attention from the fact that the Complaint adequately pleads claims for federal Lanham Act violations, as well as the attendant state law claims. The Motion should therefore be denied.

---

[1] See Section E below regarding Educational Tours' state-law claims, which Defendants have not argued are insufficiently pled.

## FACTS

Educational Tours has been using its distinctive trademark extensively and continuously in Illinois and across the United States since 1977. (Compl. ¶¶9-10). Contrary to Defendants' assertions in their Memorandum, Educational Tours' mark consists of the letters "ET" in a stylized font set in a diagonal line *with* the words Educational Tours, Inc. – in other words, the mark is "ET Educational Tours, Inc." (Id. at ¶9, Ex. 1.) Educational Tours has long-standing common law trademark rights in this mark. (Id. at ¶¶9-11.)

In 1997, Educational Tours registered the domain name **et-educationaltours.com**, which incorporates its trademark, and began operating a website at **www.et-educationaltours.com**. (Id. at ¶¶29-30.) Defendants subsequently registered four different domain names that are confusingly similar to Educational Tours' trademark (and matching domain name) as part of a continuing scheme to illegally misappropriate Educational Tours' trademark, as well as its name and business reputation, as shown in the table below:

| | |
|---|---|
| Educational Tours' Mark: | ET Educational Tours, Inc. |
| Educational Tours' Domain Name: | et-educationaltours.com |
| Defendants' Infringing Domain Names: | et-educationaltours.net<br>et-educationaltours.us<br>e-educationaltours.com<br>e-educationaltours.net |

(Id. at ¶¶31, 34, 43, 47, 53-67.) Defendants' registration of these domain names was intended to, has, and will continue to, cause confusion among and deception of the public, dilute Educational Tours' mark, and constitutes trademark infringement and unfair competition. (Id. at ¶¶1, 53-62.) Further, Defendants actions constitute impermissible cybersquatting in violation of the Lanham Act, 15 U.S.C. §1125(d), as they have, in bad faith, registered domain names that are confusingly

similar to Educational Tours' mark. (Id. at ¶¶63-67.) These actions, among others, have caused damages to Educational Tours and its business. (Id. at ¶52.)

## ARGUMENT

Because Educational Tours has adequately pled its claims, Defendants hope that by mischaracterizing and misconstruing the allegations of the Complaint, this Court will grant the relief they seek. As shown below, Defendants' attempts to mislead fail and their Motion should be denied.

### A. Defendants' Dissection Of Educational Tours' Mark Into Component Parts Is Impermissible Under Trademark Law

Initially, it is important to confirm the actual mark claimed by Educational Tours in this case. As alleged by the Complaint, Educational Tours' mark is a stylized logo *in conjunction with* the words Educational Tours, Inc. (or similar words):

> a distinctive, stylized logo . . . consisting of the letters "ET" in a diagonal line *with* the words "Educational Tours, Inc.," and similar word variations . . . .

(Id. at ¶9 (emphasis added).) Samples of this logo, with the diagonal letters "ET" and the words Educational Tours, Inc. (and similar word variations) are contained as Exhibit 1 to the Complaint (the same samples are also attached hereto as Exhibit A for the Court's convenience). None of the allegations of the Complaint, or the exhibits, indicate that the mark claimed is just the stylized letters "ET" in a diagonal line alone, or just the words "Educational Tours" alone without the diagonal "ET" preceding them. (E.g., id. at ¶9 & Ex. 1.)

Because Educational Tours has pled the requisite elements of its federal Lanham Act claims on the basis of its mark, Defendants seek to prevail on their Motion by unilaterally changing Educational Tours' mark. Specifically, Defendants assert that Educational Tours cannot claim trademark protection for the "Educational Tours" *portion* of the mark. (Mem. at 2.)

Therefore, according to Defendants, the phrase "Educational Tours" should be "excluded from the infringement claims," and "the analysis remaining is whether [Educational Tours] has stated a protectable interest in either the *prefixes* 'et-' or 'e-' as used in the domain names." (Id. at 4 (emphasis added).)

In addition to just being factually wrong as to Educational Tours' trademark, Defendants' tactic violates the "anti-dissection rule" of trademark law. Under the "anti-dissection" rule, trademarks composed of numerous parts must be evaluated as a whole, not term by term:

> A court must evaluate the genericness of composite terms by looking at the articulated phrase comprised of the terms *as a whole* and for the meaning derived from the *combination* of the terms.

Energy Servs. Air Conditioning & Heating Co. v. Nicor, Inc., No. 97 C 373, 1997 WL 790725, at *4 (N.D. Ill. Dec. 22, 1997) (emphasis added).[2] The reason for the rule is that even though certain words may not *individually* be entitled to trademark protection, they may become a trademark when taken together. Union Carbide Corp. v. Ever-Ready, Inc., 531 F.2d 366, 379 (7th Cir. 1976); Energy Servs., 1997 WL 790725 at *4. The Seventh Circuit has thus repeatedly recognized that analyzing a dissected mark, rather than the mark as a whole, "often leads to error." Union Carbide, 531 F.2d at 379.

By dissecting the mark in contravention of the rule and the facts alleged, Defendants never address the entire mark – the stylized, diagonal "ET" letters *with* the words Educational Tours, Inc. – in their Motion or Memorandum. Defendants' strategy, however, is not accidental. Defendants must concede that when Educational Tours' entire mark is reviewed and compared to Defendants' infringing domain names, Defendants' liability is clear.

---

[2] Copies of all unpublished cases cited herein are attached in alphabetical order as Exhibit B.

B. **Defendants' Genericness Argument Fails Because The Term "Educational Tours" Is Neither The Claimed Mark Nor Generic**

1. **Defendants' Argument That "Educational Tours" Is Generic Is Improper**

As part of their improper dissection strategy, Defendants spend a significant portion of their Memorandum arguing that the phrase "Educational Tours" is a "generic" term and therefore unprotectable. (Mem. at 2-4.) Not only does this contention violate the anti-dissection rule and ignore the claims alleged, it is also procedurally inappropriate at this stage of the litigation. "Whether a term is generic or can be trademarked is a question of fact." Thomas & Betts Corp. v. Panduit Corp., 138 F.3d 277, 300 (7th Cir. 1998). Therefore, a motion to dismiss is not the proper vehicle for analyzing whether the phrase "Educational Tours" is generic. Aero Prods. Int'l, Inc. v. Intex Recreation Corp., No. 02 C 2590, 2003 WL 151936, at *5 (N.D. Ill. Jan. 21, 2003) ("[W]hen the mark became, or if it has become, generic is a question of fact and, therefore, not appropriate for consideration on a motion to dismiss."); Top Producer Sys., Inc. v. Software Sci., Ltd., No. 97-0415-MA, 1997 WL 723049, at *3 (D. Or. July 21, 1997) ("The issue of whether [the term] was in fact generic...is inappropriate to decide on a motion to dismiss."). The rationale for this well-established rule should be obvious, even to Defendants, "[a]nalyzing the 'generic'-ness of a word or phrase requires the Court to examine evidence outside the pleadings, which is improper when considering a 12(b)(6) motion to dismiss." Hot Wax, Inc. v. Grace-Lee Prods., Inc., No. 97 C 6882, 1998 WL 664945, at *3 (N.D. Ill. Sept. 15, 1998).[3]

---

[3] None of the cases Defendants rely on to support their argument even arise in the context of a motion to dismiss. Park 'n Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 192 (1985) (review of permanent injunction after bench trial); Te-Ta-Ma Truth Found. – Family of URI, Inc. v. World Church of the Creator, 297 F.3d 662, 665 (7th Cir. 2002), cert. denied, 537 U.S. 1111 (2003) (summary judgment); Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 725 (7th Cir. 1998) (preliminary injunction).

5

In fact, Defendants' Memorandum establishes this very point. To try to support their conclusion that the phrase "Educational Tours" is generic, Defendants had to improperly attach matters outside the Complaint – a search done at **www.google.com**. (Mem. at Ex. A.) See, e.g., Jackson v. Ill. Bell Tel. Co., No. 01 C 8001, 2002 WL 1466796, at *2 (N.D. Ill. July 8, 2002) ("matters outside the pleadings cannot be considered when deciding a Rule 12(b)(6) motion to dismiss.")

In sum, Defendants' argument regarding genericness and their Exhibit submitted in support thereof are not permitted at this stage of the litigation. Accordingly, the Court may and should reject the argument out of hand for that reason alone.[4]

### 2. Whether The Phrase "Educational Tours," Standing Alone, Is A Generic Term Is Irrelevant To Plaintiff's Claims

Even assuming that it is properly made, Defendants' genericness argument is nonetheless unavailing because, as seen, Educational Tours' mark is *not* just the words "Educational Tours," but rather the words "Educational Tours" *in conjunction with* the letters "ET" in a diagonal, stylized format. (Compl. ¶9.) Notwithstanding this clear allegation, Defendants' attempt to avoid liability by asserting that Educational Tours' trademark claims are based on Defendants' use of the words "Educational Tours" alone. (E.g., Mem. at 4.) For example, on Page 3 of their Memorandum, Defendants assert that Educational Tours claims that Defendants' domain names infringe Educational Tours' mark because "Hemisphere 'inappropriately used Educational Tours' name . . . ." (Id. at 3, citing Compl. ¶31.) But Defendants reach this conclusion only by

---

[4] Educational Tours does not request that this Motion be converted to one for summary judgment. But were the Court to conclude that Defendants' genericness argument and "Google search" can be considered by the Court, thereby converting this Motion into one for summary judgment, then Educational Tours requests that it be granted adequate time to take discovery, and gather and present contrary evidence, including affidavits, so that it can present the necessary analysis of the strength of its mark.

6

misquoting the Complaint. The referenced paragraph states that the identified domain name, **et-educationaltours.net**, infringes Educational Tours' mark because it is confusingly similar to the *entire* mark, not just the phrase "Educational Tours," "[the domain name] *not only* inappropriately used Educational Tours' name *but also incorporated the ET Mark.*" (Compl. ¶31 (emphasis added); see also ¶¶33, 36, 44, 48, 53-67.) In short, Defendants' argument is factually incorrect and therefore irrelevant.

But even assuming that Defendants were correct that a *portion* of Educational Tours' mark contains a generic phrase, that fact alone does not invalidate Plaintiff's mark. See Washington Speakers Bureau, Inc. v. Leading Auth., Inc., 33 F. Supp. 2d 488, 495-96 (E.D. Va. 1999) (addition of non-generic term "Washington" to generic phrase "Speakers Bureau" made mark not generic). Educational Tours' claimed mark contains not only the phrase "Educational Tours" but also a distinctive, stylized logo. Therefore, even were the phrase "Educational Tours" ultimately determined to be "generic" that would not alter the fact that Educational Tours has alleged a valid and protectable mark in ET Educational Tours, Inc. Thus, for this reason as well, Defendants' argument is irrelevant.

### 3. The Term "Educational Tours" Is Not Generic In Any Event

But even assuming that whether or not "Educational Tours" standing alone is generic were (a) properly presented in this Motion, and (b) relevant, Defendants' argument nonetheless fails because the phrase "Educational Tours" as used by Plaintiff is simply not generic.

#### a. The Phrase "Educational Tours" Is Suggestive

The phrase "Educational Tours" is not generic, but suggestive. Whether a mark is suggestive, as opposed to merely descriptive, is determined by the "degree of imagination" test. Second Chance Body Armor, Inc. v. Am. Body Armor & Equip., Inc., No. 94 C 6178, 1999 WL

7

967521, at *15-16 (N.D. Ill. Oct. 7, 1999). Under that test, a mark is suggestive if it "stands for an idea which requires some operation of imagination to connect it with the goods," rather than imparting information directly. Id. Here, the term "Educational Tours" requires some imagination to connect it with the services offered by Educational Tours. The term "Educational Tours" could describe a company that creates tour itineraries for people who want an education-providing travel experience, or a company that coordinates tours of educational institutions for interested students. In fact, Educational Tours' services are neither of these, but rather comprehensive, quality tour and travel services for students and teachers to locations where they can expand their learning outside the classroom. (Compl. ¶¶4, 9, Ex. 1, 2, 8.) It takes quite a leap to connect the term "Educational Tours" with those services.

    **b.**    **Alternatively "Educational Tours" Is Descriptive And Has Attained Secondary Meaning**

But even if it is not suggestive, the Complaint alleges that the term "Educational Tours" is descriptive and has attained secondary meaning. Where a mark differentiates the plaintiff from others in the same general business, the mark is descriptive. Te-Ta-Ma, 297 F.3d at 666-67. In Te-Ta-Ma, a case relied upon by Defendants, the Seventh Circuit reversed the district court's granting of summary judgment, and found that the term "Church of the Creator" was descriptive – *not* generic. Id. The court reasoned that while the term "Church" alone was generic, "Church of the Creator" was used to differentiate the plaintiff's religion from other sects. Id. So too here, the term "Educational Tours" does not describe the genus of Educational Tours' services, as Defendants claim, but rather, differentiates Educational Tours' services from the services offered by other travel companies. Educational Tours offers tour and travel services for students and teachers for learning purposes. (Compl. ¶¶4, 9, Exs. 1, 2, 8.) This is opposed to

8

tours offered for pure recreation, offered for adult learning, offered for singles looking to meet other people, etc. Even assuming, then, that the term "tours" is generic because it describes the genus of the services offered in the industry, the phrase "Educational Tours" differentiates Plaintiff from other companies offering different types of tours.

Educational Tours has also sufficiently alleged secondary meaning with respect to the phrase "Educational Tours." Secondary meaning is established by a number of factors: (1) the amount of advertising, (2) the sales volume, (3) the length and manner of use, (4) consumer testimony, and (5) consumer surveys. Ty, Inc. v. Jones Group, Inc., 98 F. Supp. 2d 988, 996 (N.D. Ill. 2000). Here, the allegations of the Complaint establish that Educational Tours has extensively used and advertised its mark (the stylized "ET" logo with the words Educational Tours) since 1977, and has used and been known by the phrase "Educational Tours" since 1969. (Compl. ¶¶8-10.) Further, Educational Tours alleged that customers associate the term "Educational Tours" with the Plaintiff in this case. Indeed, at least two customers that Educational Tours is aware of were confused into finding Defendants when actually looking for Plaintiff by going to **www.educationaltours.com** on the Internet. (Id. at ¶¶26-27.) In response to one of those customers, Defendants even admitted the association between the phrase "Educational Tours" and the services Plaintiff offers, "[y]ou may have us confused with Educational Tours (*because of our website* [**www.educationaltours.com**])." (Id. at ¶27 (emphasis in Complaint).) Thus, Educational Tours has alleged both secondary meaning and actual confusion among consumers.

Defendants cite Platinum Home Mortgage to support their argument that the term "Educational Tours" is generic but that case actually supports Educational Tours. In Platinum Home Mortgage, the court found that the trade name using the term "Platinum" was *descriptive --*

9

not generic – but lacked secondary meaning. The court noted that there was no testimony by consumers indicating secondary meaning, the name had been used for only three years, and had been advertised for less than two years. 149 F.3d at 728-29. Here, in contrast, Educational Tours has used and been known by that name for 35 years, has been advertising using the name Educational Tours in conjunction with the its mark since 1977, and has alleged that customers associate the term "Educational Tours" with its services. (Compl. ¶¶8-10, 26-27).

C. **The "E-EducationalTours" Domain Names Infringe Educational Tours' Trademark**

Educational Tours has sufficiently alleged that Defendants' registration and use of the domain names **e-educationaltours.com** and **e-educationaltours.net** infringe Educational Tours' trademark. (Compl. ¶¶43-50; 53-67) The allegations establish that, with respect to the e-educationaltours domain names, Defendants have engaged in a classic case of what is known as "typosquatting." Typosquatting is registering a domain name that is a slight misspelling (*i.e.* reversing letters, adding a letter, or omitting a letter) of a protected mark in order to improperly divert customers that misspell the plaintiff's mark to the defendant's website. See Shields v. Zuccarini, 254 F.3d 476, 483-84 (3d Cir. 2001). Here, Defendants have registered domain names that are slight misspellings of Educational Tours' mark – the domain names **e-educationaltours.com** and **e-educationaltours.net** are the same as Educational Tours' mark (ET Educational Tours, Inc.) and related domain name (**et-educationaltours.com**) except for an omitted "t" in the "et" portion thereof. Defendants even retain the hyphen in the domain name. Defendants apparently expect to reap a benefit from customers seeking Educational Tours' website (www.et-educationaltours.com) typing too fast, missing the "t" in Educational Tours' domain name, and ending up on Defendants' website. This is trademark infringement. Shields, 254 F.3d at 483-84

Defendants misleadingly argue that there is no infringement because their use of the letter "e" (which they claim merely indicates on-line offerings) cannot be precluded by Educational Tours' "et"-only mark. (Mem. at 4.)[5] Defendants' argument is improper because it is based on a comparison of *only* the prefixes of Educational Tours' mark ("et") and Defendants' domain name ("e"). Defendants are thus again engaging in inappropriate dissection of Educational Tours' claimed mark in contravention of the law and the facts alleged. Because Defendants only focus on *part* of Educational Tours' mark they overlook the striking similarity between Educational Tours' entire mark and domain name and Defendants' "e-educationaltours" domain names:

    Educational Tours' mark:              ET Educational Tours, Inc.
    Educational Tours' domain name:   et-educationaltours.com
    Defendants' domain names:        e-educationaltours.com
                                                   e-educationaltours.net

Obviously, when one compares Educational Tours' mark and its related domain name with Defendants' domain names as a whole it becomes clear that Defendants have infringed Educational Tours' mark.

Defendants rely on only one case in support of their argument that their e-educationaltours domain names do not infringe Educational Tours' mark – Interstellar Starship Servs. Ltd. v. Epix, Inc., 304 F.3d 936 (9th Cir. 2002) ("Epix"). Defendants' attempted analogy fails. Aside from the fact that the Epix case is not decided in the context of a motion to dismiss,

---

[5] Defendants also argue that Educational Tours' claims relating to the e-educationaltours domain names are based on the allegation that each domain name is "confusingly similar *because* it 'incorporates Educational Tours' name.'" (Mem. at 5, citing Compl. ¶¶44, 48 (emphasis added).) But the cited paragraphs do not allege that infringement exists *because* the domain names incorporate Educational Tours' name alone. Rather, there is infringement because the domain names, *which* also include Educational Tours' name, are confusingly similar to Educational Tours' mark: "the domain name ..., which incorporates Educational Tours' name, is confusingly similar to the ET Mark." (Compl. ¶¶44, 48.)

11

but rather an appeal after a bench trial, the facts of that case are completely different than those alleged by Educational Tours. In Epix the two companies did not compete, marketed to different customer bases, and there was no bad faith intent by the defendant to register the domain name at issue. Id. at 942-43. Here, on the other hand, Educational Tours has alleged that Defendants are competitors, market to the same customer base, and had an intent to register the domain names in bad faith.[6] (Compl. ¶¶1, 13-18, 21-51.) Here, Defendants have sought to reap a benefit from their competitor's, Educational Tours, goodwill, and, as stated by the Epix court:

> If a rogue company adopts as its domain name a protected trademark and proceeds to sell goods similar to those offered by the trademark owner, it necessarily free rides on the trademark owner's goodwill, and that rogue company benefits from increasing initial interest confusion as consumers exercise lower levels of care in making their purchasing decisions.

304 F.3d at 945. In sum, the Epix decision provides no support for Defendants' contentions under the facts alleged by Educational Tours.

### D. The Claims Relating To The "ET-EducationalTours" Domain Names Are Not Moot

Defendants also do not, and cannot, dispute that Educational Tours has sufficiently alleged that Defendants' "et-educationaltours" domain names infringe Educational Tours' trademark because those domain names are exact duplicates of Educational Tours' mark.[7] Rather, Defendants assert that these claims are moot because Defendants accepted Educational Tours' demand to relinquish the **et-educationaltours.net** and **et-educationaltours.us** domain

---

[6] Notably, the defendant in the Epix case, who was using "e" to describe his on-line picture (*i.e.* "pix") business, did not include a hyphen in his domain name as Defendants have in this case.

[7] While the domain name does not have the same stylization of the mark, domain names appear in only one font and in lower case letters. Therefore trademarks used in domain names may not have all of the attributes (such as stylized fonts, relative positioning of letters, etc.) of the actual trademark. This does not preclude a finding of infringement. See PACCAR Inc. v. Telescan Techs. LLC, 319 F.3d 243, 251-52 (6th Cir. 2003)

names, have voluntarily ceased maintaining the related websites, and because, according to Defendants, Educational Tours simply did not take "yes" for an answer. (Mem. at 5-6.) Defendants are wrong once again and have again attempted to mislead the Court by relating only a dissected version of the facts.

While it is true that, before filing suit, Educational Tours sent a cease and desist letter to Defendants, that is the only fact that Defendants have reported fully and accurately. The letter, which is attached to the Complaint, requested that Defendants cease using, and relinquish to Educational Tours, *three* domain names – not only **et-educationaltours.net** and **et-educationaltours.us**, but also **educationaltours.com**. (Compl. Ex. 11.) The letter also demanded that Defendants agree to those terms in writing by December 17, 2003. Educational Tours put Defendants on notice that unless *all* of those conditions were met, Educational Tours would "take all necessary legal steps to protect" its rights. (Id.) Defendants however (a) responded orally, rather than in writing, (b) with a counteroffer that they would only agree to cease using and relinquish two (rather than all three) of the referenced domain names, and (c) did not subsequently put that counter-offer into writing even though requested to do so. (Compl. ¶38) In short, Defendants did not "accept" Educational Tours' demand, but instead made an oral *counteroffer*. Educational Tours rejected that inadequate counteroffer by filing the present Complaint. In short Educational Tours' claims, which include not only requests for the cessation of the use and relinquishment of the domain names but also damages,[8] are not moot.

---

[8] Defendants' argument that the cease and desist letter did not request damages is irrelevant. Because Defendants did not accept that offer, Educational Tours was free to "take all necessary legal steps to protect" its rights, including seeking damages. (Compl. Ex. 11.)

13

Defendants' citation to <u>Buckley v. Archer-Daniels-Midland Co.</u>, 111 F.3d 524 (7th Cir. 1997) to support their argument is misplaced. In that case, which involved the election of corporate directors under an allegedly misleading proxy statement, the only relief the plaintiff requested was a declaration that the proxy was misleading and an injunction forcing the defendant to hold a special election to elect new officers. <u>Id.</u> at 526. The court dismissed the action as moot because, by the time the case was heard, a new election had been held with a non-misleading proxy statement and the previously elected directors were not re-elected. Thus the requested relief was worthless. <u>Id.</u> Here, however, the relief requested is not worthless. The Court can award Educational Tours valuable relief in the form of (a) transferring ownership of the et-educationaltours domain names, among others; (b) entering an injunction precluding Defendants from registering any other domain names that are similar to Educational Tours' mark (such as other et-educationaltours domain names utilizing one of the other Internet "top level domains" such as .info or .biz); and (c) awarding damages.

Further, Defendants' argument that Educational Tours' claims with respect to the et-educationaltours domain names are moot because Defendants have voluntarily ceased using those domain names and therefore the alleged infringement is "incapable of repetition" is flat wrong. <u>See, e.g.</u>, <u>Friends of the Earth, Inc. v. Laidlaw Environ. Servs.</u>, 528 U.S. 167, 189 (2000) (defendant's voluntary cessation of a wrongful activity does not moot the case). So long as Defendants own and control the et-educationaltours domain names, among others, the infringement is eminently capable of repetition.

E. **<u>Educational Tours' State Law Claims Should Not Be Dismissed</u>**

While Defendants seem to vaguely suggest in their Motion that Educational Tours' state-law claims should be dismissed for failure to state a claim, Defendants' only argument is actually

14

that dismissal of Educational Tours' federal claims requires the Court to dismiss Educational Tours state-law claims "for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)." (Mem. at 1.) This is incorrect. Regardless of whether the Court dismisses Educational Tours' federal claims (which Educational Tours believes it should not), the Court, pursuant to 28 U.S.C. § 1367(a), may still exercise subject matter jurisdiction over the state-law claims. See, e.g., Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999) (district court properly exercised supplemental jurisdiction over plaintiff's state-law claims despite granting summary judgment on the federal claims). Accordingly, even were the Court to dismiss all of Educational Tours' federal claims, Educational Tours respectfully requests that the Court exercise supplemental jurisdiction over Educational Tours' state-law claims.

## CONCLUSION

Defendants cannot avoid the obvious conclusion that their domain names **et-educationaltours.net, et-educationaltours.us, e-educationaltours.com,** and **e-educationaltours.net** are confusingly similar to and infringe Educational Tours' valid common law mark – ET Educational Tours, Inc. Accordingly, Educational Tours respectfully requests that the Court deny Defendants' Motion to Dismiss.

Dated: March 15, 2004

Respectfully submitted,
EDUCATIONAL TOURS, INC.

By_____
One Of Its Attorneys

Marshall Seeder
Peter T. Berk
**SACHNOFF & WEAVER, LTD.**
30 South Wacker Drive, Suite 2900
Chicago, IL 60606
(312) 207-1000

15

# See Case File For Exhibits