# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 559 | **DATE** | 4/27/2004 |
| **CASE TITLE** | EDUCATIONAL TOURS, INC. vs. HEMISPHERE TRAVEL, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (8-1) to dismiss is denied. Enter memorandum opinion and order.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EDUCATIONAL TOURS, INC., an Illinois corporation,

Plaintiff,

v.

HEMISPHERE TRAVEL, INC., an Illinois corporation, HEMISPHERE EDUCATIONAL TRAVEL PROGRAMS, a division of Hemisphere Travel, Inc. and JACK GOLEN,

Defendants.

No. 04 C 0559
Judge James B. Zagel



DOCKETED APR 28 2004

## MEMORANDUM OPINION AND ORDER

Educational Tours, Inc. ("ET") is a provider of student tour and travel services. Defendants Hemisphere Travel, Inc., Hemisphere Educational Travel Programs, and Jack Golen are competitors in the same industry. ET owns a trademark consisting of:

> a distinctive, stylized logo . . . consisting of the letters "ET" in a diagonal line with the words "Educational Tours, Inc.," and similar variations. . .

In other words, the mark is "ET Educational Tours, Inc." ET has been using this mark extensively and continuously in Illinois and across the United States since 1977.

In 1997, ET registered the domain name "et-educationaltours.com," which incorporates its trademark, and began operating a website at www.et-educationaltours.com. Defendants subsequently registered the domain names "et-educationaltours.net," "et-educationaltours.us," "e-educationaltours.com," and "e-educationaltours.net." On January 23, 2004, ET filed suit against Defendants alleging three federal claims under the Lanham Act along with state law claims. ET claims that the Defendants' registration of the four domain names was intended to,

has, and will continue to cause confusion among and deception of the public, will dilute ET's mark, and constitutes trademark infringement, unfair competition, and impermissible "typosquatting" in violation of the Lanham Act, 15 U.S.C. § 1125 (d), as they have, in bad faith, registered domain names that are confusingly similar to ET's mark. Defendants move to dismiss.

The Genericness of the Term "Educational Tours"

Defendants first assert that ET cannot claim trademark protection for the "Educational Tours" portion of the mark because of its genericness. Therefore, according to Defendants, the phrase "Educational Tours" should be "excluded from the infringement claims," and "the analysis remaining is whether [ET] has stated a protectable interest in either the prefixes 'et-' or 'e-' as used in the domain names."

As a matter of law, Defendants' argument violates the "anti-dissection rule" of trademark law. Under this rule, trademarks composed of numerous parts must be evaluated as a whole, not term by term:

> A court must evaluate the genericness of composite terms by looking at the articulated phrase comprised of the terms as a whole and for the meaning derived from the combination of the terms.

*Energy Servs. Air Conditioning & Heating Co. v. Nicor, Inc.*, No. 97 C 373, 1997 WL 790725, at *4 (N.D. Ill. Dec. 22, 1997). The reason for this rule is that even though certain words may not individually be entitled to trademark protection, they may become a trademark when taken together. *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 379 (7th Cir. 1976); *Energy Servs.*, 1997 WL 790725, at *4. Analyzing a dissected mark, rather than the mark as a whole, "often leads to error." *Union Carbide*, 531 F.2d at 379. Accordingly, whether the term

"education tours" is too generic by itself is not the proper question because it controverts the "anti-dissection rule."

Along with this violation of the "anti-dissection rule," Defendants' argument that "Educational Tours" is generic and thus unprotectable fails because it is procedurally inappropriate at this stage of the litigation. "Whether a term is generic or can be trademarked is a question of fact." *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 300 (7th Cir. 1998), *overruled in part*, *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23 (2001). Therefore, a motion to dismiss is not the proper vehicle for analyzing whether the phrase "Educational Tours" is generic. *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, No. 02 C 2590, 2003 WL 151936, at *5 (N.D. Ill. Jan. 21, 2003) ("[W]hen the mark became, or if has become, generic is a question of fact and, therefore, not appropriate for consideration on a motion to dismiss."); *Top Producer Sys., Inc. v. Software Sci., Ltd.*, No. 97-0415-MA, 1997 WL 723049, at *3 (D. Or. Jul. 21, 1997) ("The issue of whether [the term] was in fact generic . . . is inappropriate to decide on a motion to dismiss."). The rationale for this rule is that "[a]nalyzing the 'generic'-ness of a word or phrase requires the Court to examine evidence outside the pleadings, which is improper when considering a 12(b)(6) motion to dismiss." *Hot Wax, Inc. v. Grace-Lee Prods., Inc.*, No. 97 C 6882, 1998 WL 664945, at *3 (N.D. Ill. Sept. 15, 1998).[1] In fact, Defendants' use of the search results of the phrase "Educational Tours" on www.google.com establishes this very point. *See,*

---

[1] None of the cases on which Defendants rely to support their argument even arises in the context of a motion to dismiss. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 192 (1985) (review of permanent injunction after bench trial); *Te-Ta-Ma Truth Found. – Family of URI, Inc. v. World Church of the Creator*, 297 F.3d 662, 665 (7th Cir. 2002), *cert. den.*, 537 U.S. 1111 (2003) (summary judgment); *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 725 (7th Cir. 1998) (preliminary injunction).

3

*e.g., Jackson v. Ill. Bell Tel. Co.*, No. 01 C 8001, 2002 WL 1466796, at *2 (N.D. Ill. Jul. 8, 2002) ("matters outside the pleadings cannot be considered when deciding a Rule 12(b)(6) motion to dismiss."). In sum, Defendants' argument regarding the genericness is not appropriate at this stage of litigation.

The Prefixes "E-" and "ET-"

Presuming that the term "Educational Tours" should be excluded from the infringement claims in Counts I-III, Defendants next argue that ET cannot state a protectable interest in either the prefixes "e-" or "et-" as used in the domain names. As we have already discussed, this argument is premised upon inappropriate dissection of ET's claimed mark, and thus carries no weight. In addition, defendants' sole cited case in support of this argument, *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936 (9th Cir. 2002), has a factual background entirely different from the presently alleged factual background, and thus provides no support for Defendants' argument in the present context.

Considering the domain names in their entirety, ET has sufficiently alleged that Defendants' registration and use of the domain names "e-educationaltours.com" and "e-educationaltours.net" infringe ET's trademark. ET alleges that with respect to the "e-educationaltours" domain names, Defendants have engaged in "typosquatting" – registering a domain name that is a slight misspelling (*i.e.*, reversing letters, adding a letter, or omitting a letter) of a protected mark in order to improperly divert customers that misspell the plaintiff's mark to the defendants' website. *See Shields v. Zuccarini*, 254 F.3d 476, 483-84 (3rd Cir. 2001). Here, Defendants are alleged to have registered the domain names "e-educationaltours.com" and

4

"e-educationaltours.net" that are slight misspellings of ET's mark and related domain name "et-educationaltours.com," except for an omitted "t" in the "et" portion thereof. This could possibly constitute trademark infringement, and thus dismissal at this point is inappropriate. *Id.*

Mootness

With respect to the claims involving the "et-educationaltours.net" and "et-educationaltours.us" domain names, Defendants claim that these claims are moot because they accepted ET's demand via a cease and desist letter to relinquish the domain names and have voluntarily ceased maintaining the related websites but that ET refused to accept their offers. However, while ET did send a cease and desist letter to Defendants, the letter requested that Defendants cease using, and relinquish to ET, three domain names, "et-educationaltours.net," "et-educationaltours.us," and "educationaltours.com." The letter also demanded that Defendants agree to those terms in writing by December 17, 2003. ET put Defendants on notice that unless all of those conditions were met, it "would take all necessary legal steps to protect" its rights. In response to this letter, Defendants responded orally (rather than in writing) with a counteroffer that they would agree to cease using and relinquish two (rather than all three) of the referenced domain names, and did not subsequently put that counteroffer into writing even though requested to do so. In short, Defendants did not accept ET's demand, but instead made an oral counteroffer, which ET rejected by filing the present Complaint. Accordingly, ET's claims,

5

which include not only requests for the cessation of the use and relinquishment of the domain names but also damages,[2] are not moot.

The case of *Buckley v. Archer-Daniels-Midland Co.*, 111 F.3d 524 (7th Cir. 1997) – to which Defendants cite in support of their mootness argument – does not support their mootness claim as to the present case. *Buckley* involved the election of corporate directors under an allegedly misleading proxy statement, and the relief the plaintiff requested was a declaration that the proxy was misleading and an injunction forcing the defendant to hold a special election to elect new officers. *Id.* at 526. The court dismissed the action as moot because by the time the case was heard a new election had been held with a non-misleading proxy statement and the previously elected directors were not re-elected. Thus, the requested relief was worthless. *Id.* Here, however, the relief requested is not worthless and has thus not been mooted. Also, Defendants' self-proclaimed voluntary cessation of using the domain names at issue does not create mootness here. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 189 (2000).

State Law Claims

Finally, ET's state law claims should not be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) because I am not dismissing the federal claims. But even if I were to dismiss all the federal claims, I may still exercise subject matter jurisdiction over the state-law claims. *See, e.g., Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999).

---

[2] Defendants' argument that the cease and desist letter did not request damages is irrelevant. Because Defendants did not accept that offer, ET was free "to take all necessary legal steps to protect" its rights, including seeking damages.

For the reasons above, Defendants' Motion to Dismiss is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: APR 2 7 2004

7